FILED 10 NOV 4 9:40 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| SAMUEL A. MCCRARY, | Civil No. 10-3112-CL |
| Plaintiff, | ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS |
| v. | |
| CITY OF TALENT, | |
| Defendant. | |

CLARKE, Magistrate Judge:

Plaintiff Samuel A. McCrary brings this action against the City of Talent, claiming violation of his civil rights under 42 U.S.C. § 1983. He seeks to proceed *in forma pauperis* (#1). For the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that plaintiff fails to state a claim for relief. See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff seeks damages from defendant City of Talent, contending that defendant failed to adequately train and supervise an employee, Code Enforcement Officer William "Red" Smith. Plaintiff alleges that, on or about December 2007, while standing in front of plaintiff's

1- ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS

house in Talent, Oregon, and in the presence of two neighbors, Officer Smith spoke in a "slanderous and derogatory manner" about plaintiff's personal finances; this caused him extreme psychological and emotional distress and a feeling of constant stress.

## STANDARDS

28 U.S.C. § 1915(e)(2) provides that, where a case is filed in forma pauperis, "the court shall dismiss the case at any time " if the court determines that the action is frivolous, it fails to state a claim on which relief may be granted, or a defendant is immune from an award of monetary relief. See Lopez v. Smith, 203 F.3d 1122, 1124, 1130 (9th Cir. 2000) (en banc); Neitzke v. Williams, 490 U.S. 319, 324 (1989) [former § 1915(d)]. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Servs., 939 F.2d 881, 882 (9th Cir. 1991). If a complaint is dismissed on the ground that is fails to state a claim for relief, the court retains the discretion to make the dismissal with leave to amend or without leave to amend. Lopez, 203 F.3d at 1124, 1130.

In civil rights cases involving a plaintiff who is proceeding pro se, the court construes the pleadings liberally and affords plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on another ground by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

## DISCUSSION

### Plaintiff fails to allege facts which show municipal liability

Municipalities such as defendant City of Talent are not liable under respondeat superior

principles for constitutional violations of their employees, simply because of the employment relationship. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 692-94 (1978). Municipal liability results "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." Id. at 694; Mateyko v. Felix, 924 F.2d 824, 826 (9th Cir.1990). A municipality can be liable only when its policy or custom is the moving force behind the particular constitutional violation. Id. There must be a direct causal link between the policy or custom and the alleged constitutional violation. City of Canton v. Harris, 489 U.S. 378, 385 (1989). The inadequacy of training may be a basis for county liability only where the failure to train amounts to deliberate indifference to the rights of citizens. Id. at 388. In cases where the Ninth Circuit has determined that a question of fact exists as to a municipality's failure to train, "plaintiffs have alleged a program-wide inadequacy in training." Alexander v. City of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994) (and cases cited). The Ninth Circuit has held that "evidence of the failure to train a single officer is insufficient to establish a municipality's deliberate policy." Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007); Alexander, 29 F.3d at 1367-68 ("By limiting her proof to the adequacy of the training of a single officer, plaintiff has failed to create a genuine issue of fact as to the alleged deliberate indifference of the municipality."). Here, plaintiff alleges only that defendant City failed to train Officer Smith. He does not allege that the inadequacy of his training was the result of a deliberate or conscious choice by the City which is necessary to establish a municipal policy. Alexander, 29 F.3d at 1367 (absent evidence that inadequacy of training results from deliberate or conscious choice, any deficiency in

3- ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS

training "can only be classified as negligence" by the municipality); Harris, 489 U.S. at 389. Plaintiff's complaint should be dismissed because it lacks an arguable basis in fact and is frivolous.

**Plaintiff fails to allege facts which state a Fourteenth Amendment due process claim**

Plaintiff alleges a Fourteenth Amendment due process claim. An abuse of power by government officials clearly unjustified by any legitimate objective of law enforcement is barred by the Fourteenth Amendment. County of Sacramento v. Lewis, 523 U.S. 833, 844-54 (1998) (and cases cited). However, substantive due process "does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." Id. at 848. Only the most egregious official conduct will be "'arbitrary in the constitutional sense,'" that is, the abuse of power must be conduct which "shocks the conscience," tested by an appraisal of the totality of the circumstances. Id. at 846-51 (citations omitted). Even if the contact occurred as alleged by plaintiff, his allegations do not rise to a level so as to state a claim for violation of substantive due process.

Nor does plaintiff state a claim for procedural due process. "[P]rocedural due process protections apply to reputational harm only when a plaintiff suffers stigma from governmental action plus alteration or extinguishment of 'a right or status previously recognized by state law,'" known as the "stigma-plus test." Humphries v. County of Los Angeles, 554 F.3d 1170, 1185 (9th Cir. 2009) (quoting Paul v. Davis, 424 U.S. 693, 711 (1976) ("reputation alone, apart from

4- ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS

some more tangible interests," does not constitute "liberty" or "property" by itself sufficient to invoke procedural due process protections); WMX Techs., Inc. v. Miller, 197 F.3d 367, 374 (9th Cir. 1999). Plaintiff's complaint should be dismissed because it lacks an arguable basis in fact and is frivolous.

### Plaintiff's federal claim is barred by the statute of limitations

In Oregon, the state's two-year statute of limitations for personal injury actions, ORS 12.110(1), applies to actions under section 1983. Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1989) (per curiam). Here, on the face of the complaint, plaintiff alleges that the conduct he complains of occurred in December 2007, which is more than two years before he filed his complaint, on October 12, 2010. "Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under § 1915(e)(2) a *pro se* civil rights claim whose untimeliness is apparent from the face of the Complaint." Bieregu v. Ashcroft, 259 F. Supp.2d 342, 355 n.11 (D.N.J. 2003) (and cases cited); Myers v. Vogal, 960 F.2d 750 (8th Cir. 1992) (per curiam) (and cases cited); Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003).

In the caption and body of his complaint, plaintiff moves for an enlargement of time. He requests that the tolling requirements be waived or that an enlargement of time be granted by the court. In section 1983 actions where the statute of limitations is borrowed from the state, "[o]nly the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law." Wilson v. Garcia, 471 U.S. 261, 269 (1985)

5- ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS

(footnote omitted), superseded by statute on other grounds as stated in Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369 (2004). "Broad tolling rules, such as those for the litigant's incapacity, the pendency of other proceedings, equitable tolling, and equitable estoppel are borrowed from state law." Duncan v. Oregon, No. CIV 05-1747-KI, 2007 WL 789433, at *3 (D. Or. Mar. 14, 2007) (citing Sain v. City of Bend, 309 F.3d 1134, 1138 (9th Cir. 2002)). A review of Oregon's statutory tolling provisions, ORS 12.160, shows that none apply here. In Rodriguez v. Williams, Civil No. 08-290-ST, 2010 WL 1542092, at *3 (Feb. 25, 2010), adopted by order, 2010 WL 1541962 (D. Or. Apr. 14, 2010), a section 1983 case, Judge Stewart concluded, after noting the sparing use of equitable tolling in Oregon courts, that "equitable tolling is available when circumstances outside the control of the affected party make it impossible to comply with a statute of limitations." Cf. D.H.M. v. Or. Youth Auth., Civil No. 06-143-KI, 2008 WL 1766727, at *4-*5 (Apr. 8, 2008), reconsideration denied, 2008 WL 2782863 (D. Or. July 8, 2008) (finding no Oregon precedent showing that equitable tolling could apply to section 1983 claims); Jones v. Santos, Civil No. 04-0009-PK, 2008 WL 4738097, at *4 (D. Or. Oct. 24, 2008) (no authority found suggesting that federal courts in Oregon may apply equitable tolling to section 1983 cases).

In support of tolling, plaintiff alleges that it has been determined by the VA that he has medical problems; he has been unable to get legal help; he has difficulty getting to town to use the library computers and access to law library; and he has been "extremely stressed to the point of physical and mental dis-function." (Compl. at 3.) If equitable tolling is applied here, plaintiff alleges no circumstances outside of his control which would have made it impossible to

6- ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS

have filed his complaint by December 2009. Plaintiff's complaint should be dismissed on the ground that his federal claim is barred by the statute of limitations and he, thereby, fails to state a claim upon which relief may be granted.

### Plaintiff's state claims should be dismissed

To the extent that plaintiff alleges any supplemental state claim against defendant, see Compl. at 1, 2, that claim should be dismissed as well. 28 U.S.C. § 1367(c)(3); Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (citing San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 478 (9th Cir.1998)).

### Conclusion

Because plaintiff fails to state a claim upon which relief may be granted against defendant City of Talent and any claim based on the facts alleged in the complaint is barred by the statute of limitations, plaintiff's case should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### ORDER

Plaintiff's application to proceed in forma pauperis (#1) is granted.

### RECOMMENDATION

Based on the foregoing, it is recommended that plaintiff's action be dismissed and that judgment be entered accordingly.

//

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by November 22, 2010. If objections are filed, any response to the objections are due by December 9, 2010,* see Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this \_\_4\_\_ day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE